DOCKET NO. 21-12062-HH

# UNITED STATES COURT OF APPEALS

## *for the*

## ELEVENTH CIRCUIT

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

*Plaintiff-Appellee*,

v.

ANNA BEVILACQUA SPANGLER and RICHARD DALE SPANGLER,

*Defendants-Appellants.*

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO. 6:20-cv-360-ORL-40-LRH
(Hon. Paul G. Byron)

## APPELLANTS' REPLY BRIEF

GREGORY D. SWARTWOOD
THE NATION LAW FIRM
570 Crown Oak Centre Drive
Longwood, FL 32750
(407)339-1104
*Attorney for Appellants*
*Anna Bevilacqua Spangler and Richard Dale Spangler*

State Farm Mutual Automobile Insurance Company v. Anna Bevilacqua Spangler, et al., No. 21-12062

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, Appellants, Anna Bevilacqua Spangler and Richard Dale Spangler, respectfully submit the following Certificate of Interested Persons and Corporate Disclosure Statement:

Byron, Paul G., United States District Court Judge

Hoffman, Leslie R., United States District Court Magistrate Judge

Leininger, Carri S., Esq.

Martinez, Maureen, Esq.

Spangler, Anna Bevilacqua

Spangler, Richard Dale

State Farm Mutual Automobile Insurance Company (Stock Ticker: none known)

Swartwood, Gregory D., Esq.

The Nation Law Firm, LLP

Williams, Leininger & Cosby, P.A.

## CORPORATE DISCLOSURE STATEMENT

Defendants-Appellants state that they do not have parent corporations and

there are no publicly held corporations that own ten percent or more of their stock.

C - 2 of 2

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
    DISCLOSURE STATEMENT ................................................................. C-1

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

ARGUMENT .................................................................................................. 1

    A.    Proper Interpretation Of A Contract Generally Assumes That The Same Words Used In Two Parts Of An Instrument Are Deemed To Have The Same Meaning In Both Places. ............................................. 1

    B.    State Farm Incorrectly Argues That Statutory Provisions Should Be Used To Reduce The Broad Coverage Provided By The Plain Terms Of The Policy Places ........................................................................... 4

    C.    State Farm Incorrectly Argues That Court Must Look Elsewhere For The Meaning Of The Term "Land Motor Vehicle." ............................. 9

CONCLUSION ............................................................................................. 11

CERTIFICATE OF COMPLIANCE ............................................................. 12

CERTIFICATE OF SERVICE ...................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Barcelona Hotel, LLC v. Nova Casualty Company*,
 57 So.3d 228 (Fla. 3d DCA 2011).................................................................10

Beach Towing Services, Inc. v. Sunset Land Associates, LLC,
 278 So.3d 857 (Fla. 3d DCA 2019)..................................................................3

Campbell v. Campbell,
 489 So.2d 774 (Fla. 3d DCA 1986)...............................................................2,3

*Carguillo v. State Farm Mutual Automobile Insurance Company,*
 529 So.2d 276 (Fla. 1988) ....................................................................... 5, 7, 8

Dirico v. Redland Estates, Inc.,
 154 So.3d 355 (Fla. 3d DCA 2014)..................................................................2

*Geico General Insurance Company v. Schwinn*,
 No. 8:04CV1485T17TBM, 2006 WL 1529092
 (M.D. Fla. May 30, 2006)................................................................................5

*Grant v. State Farm Fire and Casualty Company,*
 638 So.2d 936 (Fla. 1994) ................................................................... 2, 9, 10

*Green v. Life & Health of America*,
 704 So.2d 1386 (Fla. 1998) ..........................................................................6, 8

*Imation Corp v. Koninklijke Philips Electronics N.V.*,
 586 F.2d 980 (Fed. Cir. 2009) .........................................................................2

*Kingsway Amico Ins. Co v. Ocean Health, Inc.*,
 63 So.3d 63 (Fla. 4th DCA 2011)..................................................................7,8

*Scottsdale Insurance Company v. Kuntz,*
 Case No.: 2:19-cv-00113-JES-MRM, 2020 WL 7074554
 (M.D. Fla. December 3, 2020) ........................................................................8

*Standard Accident Insurance Company v. Gavin*, 184 So.2d 229 (Fla. 1st DCA 1966), *cert. dismissed,* 196 So.2d 440 (Fla.1967) ............................................ 4

*Standard Marine Insurance Co. v. Allyn,*
    333 So.2d 497 (Fla. 1st DCA 1976) ............................................................ 5

*State Farm Florida Ins. Co. v. Nichols,*
    21 So.3d 904 (Fla. 5th DCA 2009) .......................................................... 7, 8

*Wright v. Auto–Owners Ins. Co.,*
    739 So.2d 180 (Fla. 2d DCA 1999) .......................................................... 7, 8

### Other Authorities

Florida Statutes §324.021 ................................................................ 4, 5, 6, 8, 9, 10

iii

# ARGUMENT[1]

## A. Proper Interpretation Of A Contract Generally Assumes That The Same Words Used In Two Parts Of An Instrument Are Deemed To Have The Same Meaning In Both Places.

Three issues in Appellee, State Farm Mutual Automobile Insurance Company's ("State Farm") Principal Brief bear additional argument. First, State Farm, in its Principal Brief at 16, notes the Appellants', Anna Bevilacqua Spangler and Richard Dale Spangler (hereinafter collectively "Spanglers"), argument in their Initial Brief, at 18-20, that the disputed phrase, "land motor vehicle," was used elsewhere in the Policy[2]. State Farm summarizes the Spanglers' argument on this issue stating that:

> Essentially, Defendants [Spanglers] argue the term land motor vehicle should be consistent throughout the Policy, that it should mean the same thing each time it is used throughout the Policy, no matter where or which coverage section it is located.

State Farm's Principal Brief at 16-17.

State Farm accurately summarized the Spanglers' argument <u>because that is exactly how a contract is to be interpreted</u>. When the same words are used in

---

[1] References to Docket Entries are abbreviated as "Doc. ___". References to the Appendix are abbreviated as "A__.".
[2] "Policy" here and hereinafter referring to the Policy at issue in this case, State Farm Car Policy, Policy No. D580985594. (Doc. 1-1; A21 (Policy) and Doc. 27-2; A163 (Declarations).)

1

different parts of a contract they are deemed to have the same meaning. See *Campbell v. Campbell*, 489 So.2d 774, 777 (Fla. 3d DCA 1986)("Just as it is recognized that the same words used in two parts of an instrument are deemed to mean the same thing in both places") and *Dirico v. Redland Estates, Inc.*, 154 So.3d 355, 358 (Fla. 3d DCA 2014)(same-citing *Campbell*). See also *Imation Corp v. Koninklijke Philips Electronics N.V.*, 586 F.2d 980, 990 (Fed. Cir. 2009)("A proper interpretation of a contract generally assumes consistent usage of terms throughout the Agreement.").

In an effort to avoid this principle of contract interpretation, State Farm argues that the Florida Supreme Court has "disagreed" with this rule of construction via its holding in *Grant v. State Farm and Casualty Company*, 638 So.2d 936 (Fla. 1994). The holding in *Grant* is not as State Farm asserts. In *Grant*, the Florida Supreme Court noted that the term "motor vehicle" found in the No Fault and Medical Payment section of the Policy defined the term as meaning a self-propelled vehicle, with four or more wheels, designed for and required to be licensed for use on Florida highways. *Grant*, 638 So.2d at 937. However, the Court found that in "the instant case, the definition of motor vehicle that is included in the No-Fault section of the policy is not relevant to the exclusions discussed in the Uninsured Motor Vehicle section of the policy." *Id*. at 937-938.

2

Accordingly, the Florida Supreme Court did <u>not</u> abandon the "same term/same meaning" rule of construction, instead, it found that because the term was defined in one section of the policy -- making it mean something other than just the phrase "motor vehicle" -- and not defined in another section of the policy, that the terms were in fact <u>different</u>.³  *Campbell*, 489 So.2d 777 ("Just as it is recognized that the same words used in two parts of an instrument are deemed to mean the same thing in both places . . . so, as in this case, the use of different language strongly implies that a different meaning was intended." (citations omitted)) and *Beach Towing Services, Inc. v. Sunset Land Associates, LLC*, 278 So.3d 857, 861 (Fla. 3d DCA 2019)(the use of different language in different contractual provisions strongly implies a different meaning intended).

As supported by the applicable case law, the Spanglers rightfully argue that the <u>undefined</u> phrase "land motor vehicle" used in other parts of the Policy should be given the same meaning as the <u>same</u> <u>undefined</u> phrase "land motor vehicle" used in the UM Coverage section.  As argued in the Spanglers' Initial Brief, State Farm felt compelled to provide in its Policy, in part, that a *car* "means a land motor

---

³ In fact, this is the exact same holding that the district court made here (which State Farm concedes is not a subject of this appeal – State Farm's Principal Brief at 7, n.2) wherein it found the defined term "motor vehicle" used in other sections of the Policy did not apply to the uninsured motorist coverage ("UM Coverage") section. (Doc. 42 at 9; A.433.)

3

vehicle with four or more wheels, designed for use primarily on public roads." (Doc. 1-1 at 4; A24.) If, as State Farm now argues, the term "land motor vehicle" really means a land motor vehicle <u>that is designed and required to be licensed for use upon a highway</u> (via the bootstrapped definition from Florida Statutes §324.021(1)), then there would be no reason for State Farm to have included in the definition of *car* the portion of the definition that limited "land motor vehicles" to those "designed for use primarily on public roads." The district court's interpretation of the term "land motor vehicle" therefore does not support a consistent reading of the same term throughout the Policy.

**B.     State Farm Incorrectly Argues That Statutory Provisions Should Be Used To Reduce The Broad Coverage Provided By The Plain Terms Of The Policy.**

Next, State Farm in its Principal Brief references the general body of case law which provides that:

> 'It is well settled in this State that where a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract. (quoting and adopting the trial courts opinion)(citations omitted)

*Standard Accident Insurance Company v. Gavin*, 184 So.2d 229, 232 (Fla. 1st DCA 1966), *cert. dismissed,* 196 So.2d 440 (Fla.1967). See State Farm's Answer Brief

4

at 18-19 ("the district court explained that it was looking to statutes that are part of the insurance contract, relying on *Schwinn*. [Doc 42] *Geico General Ins. Co. v. Schwinn*, No. 8:04CV1485, 2006 WL 1529092, at *2, *6 (M.D. Fla. May 30, 2006)("[M]otor vehicle insurance is an area … 'surrounded by statutory limitations[,]' [and so] [t]he Court … presumes that the parties entered into the contract with knowledge of the statutory provisions, and those provisions became a part of the contract.")(quoting, [*Standard Marine Insurance Company v.]Allyn*, 333 So.2d [497] at 499 [(Fla. 1st DCA 1976)])("Standard…argues that it well settled that 'in interpreting an automobile insurance policy that courts have followed the definitions given in the policy itself.' Such contention is well settled where the definition given is applicable to the coverage assumed and not contrary statutory limitations and requirements.")).

State Farm argues that the definition of "motor vehicle" at Florida Statutes §324.021(1) must be used to modify the Policy term "land motor vehicle" so as to reduce the Policy's UM Coverage to only the minimum required by statute (covering only those vehicles which are "designed and required to be licensed for use upon a highway.")[4]. State Farm misapprehends this body of case law as

---

[4] As noted by the Florida Supreme Court in *Carguillo v. State Farm Mut. Auto. Ins. Co.*, 529 So.2d 276, 278 (Fla. 1988), "[w]e agree that Section 627.727 [uninsured

supporting it position. There is nothing in this line of cases that supports that an insurer cannot provide <u>more</u> coverage than allowed by the statute. In fact, the applicable case law supports that if a policy provides more coverage than statutorily required, the terms of the policy trump the statute(s).

In *Green v. Life & Health of America*, 704 So.2d 1386, 1390-91 (Fla. 1998), the Florida Supreme Court stated:

> It is well settled that, as a general rule, "parties are free to 'contract-out' or 'contract around' state or federal law with regard to an insurance contract, so long as there is nothing void as to public policy or statutory law about such a contract." Further,
>
>> [i]t is axiomatic that parties are free to create the insurance contract they deem appropriate to their needs, provided its form and content do not conflict with any provision of law or public policy; and such is the case even though the resulting contract is improvident as to the insured.
>>
>> Assuming compliance with a standard form and the absence of conflict with statute, the parties to a contract of insurance are free to

motorist statute] provides an insured motorist with *at least* the same amount of protection as would have been provided if the tort-feasor had complied with the financial responsibility law." (emphasis in original)(citation omitted) Hence the Court looked to the definition of motor vehicle in Florida's financial responsibility law (Florida Statutes §324.021(1)) to find that "the policy provision at hand does not reduce the UM coverage below the level of protection that would have been provided if the owner of the Suzuki had complied with the financial responsibility law." *Id*.

6

>> incorporate such provisions and conditions as they desire.
>
> Therefore, within reason, parties are free to contract even though either side may get what turns out to be a "bad bargain." (citations omiited)

In *Kingsway Amico Ins. Co v. Ocean Health, Inc.*, 63 So.3d 63, 68 (Fla. 4th DCA 2011) the court recognized:

>> <u>An insurance company is not precluded from offering greater coverage than that required by statute.</u> *See Wright v. Auto–Owners Ins[.] Co.,* 739 So.2d 180 (Fla. 2d DCA 1999)(policy provision requiring payment in accordance with the PIP statute should not be construed to limit coverage to the minimum amount authorized by the PIP statute). These cases are consistent with the result reached in [*State Farm Florida Ins. Co. v.*] *Nichols,* [21 So. 3d 904 (Fla. 5th DCA 2009)] because they confirm that <u>when the insurance policy provides greater coverage than the amount required by statute, the terms of the policy will control.</u> (emphasis added)

*See also Carguillo v. State Farm Mut. Auto. Ins. Co.*, 529 So.2d 276, 278 (Fla. 1988) ("an insurer may provide more coverage than is statutorily required. . . ."); *State Farm Florida Ins. Co. v. Nichols,* 21 So.3d 904 (Fla. 5th DCA 2009); *Wright v. Auto–Owners Ins. Co.,* 739 So.2d 180 (Fla. 2d DCA 1999).

Providing UM Coverage for injuries resulting from a "land motor vehicle" is not contrary to any statutory provision. Such language merely provides broader coverage than minimum required UM Coverage for vehicles that meet the statutory

7

definition of motor vehicle in Florida's financial responsibility law (Florida Statutes §324.021(1)). Therefore, the terms set forth in the Policy should govern.

The plain and ordinary meaning of the term "land motor vehicle" requires only that the vehicle be the type of vehicle that is used on land and that it be powered by a motor. There is no question but that the Razor Pocket Mod Electric Scooter Electric Scooter ("Electric Scooter") at issue here is a vehicle that is used on land and is a vehicle that is powered by a motor[5].

State Farm's argument here -- that the broad term "land motor vehicle" should be rewritten (via Florida Statutes §324.021(1)) to mean "land motor vehicle <u>that is designed and required to be licensed for use upon a highway</u>" -- violates the finding in *Green, Kingsway, Carguillo, Nichols and Wright* that an insurer may provide more coverage than is statutorily required, because it <u>prevents</u> an insurer from selling more UM Coverage than statutorily required. There is no question but that State Farm sold and the Spanglers purchased UM Coverage for injuries

---

[5] In *Scottsdale Insurance Company v. Kuntz,* Case No.: 2:19-cv-00113-JES-MRM, 2020 WL 7074554, at *4-5 (M.D. Fla. December 3, 2020)(the Court interpreted the term "land motor vehicle" under Commercial Garage Coverage Insurance Policy to determine if an exclusion and/or limitation applied; the Court found that "the term land motor vehicle [using dictionary definitions of those three words] has an ordinary, plain meaning that does encompass a motorized vehicle intended for land use, including the ATV in this case." (noting that the ATV traveled on <u>land</u>, and was powered by a gasoline engine (<u>motor</u>) and that it was used to carry or transport something (<u>vehicle</u>))).

occurring as a result of a collision with a land motor vehicle. If the expansive term "land motor vehicle" is not enough to actually provide UM Coverage for injuries arising out of a collision involving a motorized vehicle that operated on land, what language could be used to provide more coverage than is statutorily required?

State Farm's attempt to use Florida Statutes §324.021(1) to reduce the broad UM Coverage it provided in its Policy to the minimum UM Coverage statutorily required should be rejected.

**C.  State Farm Incorrectly Argues That Court Must Look Elsewhere For The Meaning Of The Term "Land Motor Vehicle."**

Finally, State Farm, in its Principal Brief at 19, states as follows:

> After concluding the definition of Motor Vehicle found in the Definitions section of the Policy did not apply to the UM Coverage section, the district court was left to interpret what motor vehicle meant in the context of the Policy's UM Coverage. The district court explained the definition of Uninsured Motor Vehicle found in the Policy "states an [sic]"uninsured motor vehicle" is a [sic]"land motor vehicle," which the Policy does not define. Accordingly, the Court <u>must</u> search elsewhere for [sic]"a sensible and appropriate definition"," relying on *Grant.* [Doc 42, Pg. 10]

To the contrary, *Grant,* <u>does not</u> require that a court "must" look elsewhere to

define "land motor vehicle[6]." In fact, in *Grant* the Court specifically found that "if the definition provided in one section of the policy is not applicable to the coverage at issue in another section, courts <u>may</u> be compelled to search elsewhere for a sensible and appropriate definition." *Grant,* 638 So.2d at 937 (emphasis added).

In *Grant*, the Court simply found that a motorcycle was a "motor vehicle" as that term was used in a UM Coverage exclusion. Common sense dictates that the plain meaning of the term "motor vehicle" would include a motorcycle[7]. The Court noted specifically that "[w]e conclude that this statutory definition [Florida Statutes §324.021(1)] is <u>consistent</u> with the <u>plain</u> meaning of the term "motor vehicle." *Id.* at 938 (emphasis added). In other words, the Court found that the statutory definition <u>bolstered</u> the plain meaning of the term in the Policy. The Court did not hold that a court should utilize an inconsistent statutory definition to

---

[6] *Barcelona Hotel, LLC v. Nova Casualty Company*, 57 So.3d 228, 230-231 (Fla. 3d DCA 2011)(Court used plain dictionary meaning of undefined insurance policy term "vehicle" noting that: "[t]he failure to define a term involving coverage does not necessarily render the term ambiguous. Instead, when an insurance coverage term is not defined, the term should be given its plain and ordinary meaning." (citations omitted)).

[7] The insured argued that a inapplicable policy definition and/or a Florida Statute dealing with personal injury protection coverage required that a motor vehicle have "four or more wheels." Therefore he argued that a two-wheeled motorcycle did not meet those definitions.

10

change the actual terms of a policy. That is exactly what State Farm is asking the Court to do here and its argument should be rejected.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court reverse the district court's order granting State Farm's motion for summary judgment and enter an order granting summary judgment in favor of the Appellants.

Dated: January 24, 2022         */s Gregory D. Smartwood*
                                Gregory D. Swartwood, Esquire
                                Florida Bar No. 858625
                                The Nation Law Firm, LLP
                                570 Crown Oak Centre Drive
                                Longwood, FL  32750
                                Telephone:  (407) 339-1104
                                Facsimile:  (407) 339-1118
                                E-mail:  gswartwood@nationlaw.com
                                Attorneys for Appellants

11

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) as the brief contains a total of 3,415 words and excluding those parts exempted by Fed. R. App. P. 32(f), contains a total of 3,033 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) as this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

*/s Gregory D. Smartwood*
Gregory D. Swartwood

## CERTIFICATE OF SERVICE

**21-12062**        *State Farm Mutual Auto Ins. Co. v. Anna Spangler*

I hereby certify that I have served a true and correct copy of the within and foregoing Appellant's Reply Brief to be served on both counsel for Defendants-Appellants and on the below listed Counsel for Plaintiff-Appellee via Electronic Mail generated by the Court's electronic filing system (CM/ECF) pursuant to Rule 25 of the Federal Rules of Appellate Procedure.

CARRI S. LEININGER
MAUREEN MARTINEZ
WILLIAMS LEININGER & COSBY, PA
11300 US Highway 1, Suite 300
North Palm Beach, Florida 33408-(561) 615-5666

*Plaintiff-Appellee*

I certify that an electronic copy was uploaded to the Court's electronic filing system. Four (4) hard copies of the foregoing were sent to the Clerk's Office by FedEx Next Business Day delivery to:

Clerk of Court
UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
56 Forsyth St., N.W.
Atlanta, GA  30303
(404) 335-6100

on this 24th day of January, 2022.

/s Nicole Garcia
Nicole Garcia